The judgment of the district court is affirmed.

---

ST. LOUIS MIN. & MILL. CO. OF MONTANA et al. v. MONTANA MIN. CO., Limited.

(Circuit Court of Appeals, Ninth Circuit.   March 10, 1902.)

No. 714.

MINING—EXTRALATERAL RIGHTS.

The owner of a mining claim given by Rev. St. § 2322, the right to possession of surface and everything within his claim, except veins having their apices in the surface of another claim, and also given the right to follow into adjoining claims veins having their apices in his claim, cannot tunnel from his claim through an adjoining patented claim till he strikes a vein therein having its apex in his claim; section 2319

declaring "the lands" in which minerals are found open to purchase, and section 2325 authorizing a patent for "any land" located for minerals, indicating that the patent is a grant of the land, with the rights incident to common land ownership.

Appeal from the Circuit Court of the United States for the District of Montana.

Toole & Bach, for appellants.

W. E. Cullen, E. C. Day, and W. E. Cullen, Jr., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge.    The St. Louis Mining & Milling Company is the owner of the St. Louis lode mining claim, and the Montana Mining Company, Limited, the appellee, is the owner of the Nine Hour lode mining claim, which adjoins the St. Louis claim on the east. The appellants were proceeding to drift a tunnel 260 feet underground horizontally from the St. Louis claim eastward, and into the Nine Hour claim, for the purpose of reaching and mining a lode which had its apex in the St. Louis claim, and which they had the right to pursue on its downward course, as it passed with its dip to the eastward out of their side line into the Nine Hour claim. It was stipulated that the tunnel, if projected in the course in which it was being drifted, would reach the vein or lode which had its apex within the St. Louis claim, and that in the course of its progress there would be encountered no other vein, lode, or ledge. At the suit of the owner of the Nine Hour claim, the circuit court enjoined the appellants from proceeding further with said tunnel. From that decree the present appeal is taken.

The case involves the interesting question whether the owner of a mining claim who has the right to pursue beyond the side lines of his claim a vein or lode which has its apex within his own claim is confined in his right to operations within or upon the vein itself, and is without authority to otherwise enter the adjoining claim. The appellants contend that a patent for a mining claim by its terms conveys only the surface of the claim, together with all veins, lodes, or ledges having their tops or apices within the surface boundaries thereof, and that the granting words of the appellee's patent circumscribe the right of the grantee thereof to the precise estate granted, and that since the mining law confers the general right to explore and purchase the mineral lands of the United States the appellants, in this instance, have the right to explore within the Nine Hour claim, and thereby to reach their own property, so long as they interfere with no right granted to the owners of the latter claim. It is true that the statute (section 2322, Rev. St.), and the patents thereupon issued, confer upon the locators of mining claims in terms only "the exclusive right of possession and enjoyment of all the surface included within the lines of their locations, and of all veins, lodes, and ledges throughout their entire depth, the top or apex of which lies inside of such surface lines extended downward vertically, although such veins, lodes, or ledges may so far depart from a perpendicular in their course downward as to extend outside the

vertical side lines of such surface locations"; and that the statute further specifies that such locators, notwithstanding their extralateral rights, shall have no authority to enter upon the surface of a claim owned or possessed by another. But the appellants must find in the same statute the full measure of their own right. What are the rights that are given by the patent to the owners of the St. Louis claim? They are given the right of possession of the surface and of everything within their own claim, except the veins or lodes therein, which may have their apices in the surface of another claim, so as to give the owner of the latter extralateral rights, and they are given the right to follow outside of their side lines and into adjoining claims all veins or lodes which have their apices in their own claims, so as to confer extralateral rights. This is their right, and no more. There is no warrant for saying that they have any general right of exploration within land of an adjoining patented claim, whether upon or below the surface. The right of exploration is given for the purpose of making discovery of mineral. Of what avail would be the right of exploration if no benefit could be obtained from discovery made thereby? The ground covered by a subsisting, valid mineral location is open to exploration only by the owner thereof. The statute gives the appellants the right to follow the vein which they were seeking to reach by the tunnel, but it confers upon them no right, to approach it from any point other than from the vein or lode itself. The mining laws, as we construe them, grant to a mineral locator more than the mere right to the surface of his claim and to the veins or lodes which have their apices therein. The statute (section 2319) declares "the lands" in which valuable mineral deposits are found to be open to occupation and purchase; and section 2325 provides that "a patent for any land claimed and located for valuable deposits may be obtained in the following manner." These provisions tend to indicate that the patent when issued is a grant of land with all the rights incident to common-law ownership. The reason for specifying in the description of the grant the "veins, lodes, and ledges" is for the purpose of defining what is granted in addition to the land, namely, the right to pursue such veins, lodes, and ledges extralaterally in case they depart from the perpendicular and extend beyond the side lines of the claim. This view is in accord with the trend of all the decisions to which our attention has been directed. In Copper Co. v. Heinze, 64 Pac. 326, 53 L. R. A. 491, the supreme court of Montana held, in substance, that the owner of a mining claim is prima facie the owner of a vein or lode found at a depth of 1,300 feet within the vertical planes of the lines of his own claim, and that that presumption would prevail until it was shown that the vein had its outcrop in the surface of some other located claim in such a way as to give to the owners of the latter the right to pursue it on its downward course. The court said:

"Upon a valid location of a definite portion of land is founded the right of possession. The patent grants the fee, not to the surface and ledge only, but to the land containing the apex of the ledge. The right to follow the ledge upon its dip between the vertical planes of the parallel end lines ex-

tending in their own direction, when it departs beyond the vertical planes of the side lines, is an expansion of the rights which would be conferred by a common-law grant."

Of similar import is State v. District Court of Second Judicial Dist. of Silver Bow Co. (Mont.) 65 Pac. 1020.

In Doe v. Waterloo Min. Co. (C. C.) 54 Fed. 935, Judge Ross said:

"Except as modified by the statute, no reason is perceived why one who acquires the ownership or possession of such lands should not hold them with and subject to the incidents of ownership and possession at common law."

In Consolidated Wyoming Gold Min. Co. v. Champion Min. Co. (C. C.) 63 Fed. 540, Judge Hawley said:

"Hands off of any and every thing within my surface lines, extending vertically downward, until you prove that you are working upon and following a vein which has its apex within your surface claim."

We find no error in the decree of the circuit court. The decree is affirmed.